TERBUSH, Administrator, Respondent, vs. BOYLE, Appellant.

*March 4—April 2, 1935.*

The cause was submitted for the appellant on the briefs of *Randall, Cavanagh, Stephenson & Mittelstaed* of Kenosha, and for the respondent on that of *Harry V. Carlson* of Kenosha.

ROSENBERRY, C. J. The defendant, Boyle, set up that he was not guilty of any of the grievances alleged in the complaint at any time within two years before the commencement of this action, and that plaintiff's action is barred under the provisions of secs. 330.15 and 330.21 (3), Stats. 1931. The motion to strike, which is in effect a demurrer and should have been so denominated, raises the question of whether or not plaintiff's cause of action against Boyle was barred by the statute. The applicable statutes are as follows:

"330.15 *Actions, time for commencing.* The following actions must be commenced within the periods respectively hereinafter prescribed after the cause of action has accrued."

"330.21 *Within two years.* Within two years : . . . (3) An action brought by the personal representatives of a deceased person to recover damages, when the death of such person was caused by the wrongful act, neglect or default of another."

The question is, When did the cause of action accrue (1) on the date of injury, (2) on the date of William Haude's death, or (3) when the administrator was appointed? If the cause of action accrued on the date of the death of Haude, the action was begun too late, as the two years would have terminated on April 24, 1934. *Siebert v. Jacob Dudenhoefer Co.* 178 Wis. 191, 188 N. W. 610; *North Shore M. Co. v. Frank W. Blodgett, Inc.,* 213 Wis.

70, 250 N. W. 841. It is undisputed that the injury occurred on April 24, 1932, and that no notice of injury was served so that the cause of action for pain and suffering is barred.

By secs. 12 and 13, of ch. 135, of the Revised Statutes of 1858, provision was made for the recovery by a personal representative of damages sustained by wrongful death with the following proviso: "Provided, every such action shall be commenced within two years after the death of such deceased person."

By the revision of 1878, secs. 12 and 13 became secs. 4255 and 4256 of the Revised Statutes, except the proviso. The proviso became a part of the chapter on limitation of actions, appearing as a part of sec. 4224, Revised Statutes of 1878. The revisers' note is as follows:

"Sec. 19, ch. 138, R. S. 1858, rewritten so as to conform to the statutes on the subject, as no forfeiture is now wholly to the person prosecuting therefor, *and adding subdivisions 3, to cover the case of an action brought by the personal representatives of a person whose death was caused by the negligence of another.*"

On the March assignment, 1881, the court had before it *George v. Chicago, M. & St. P. R. Co.* 51 Wis. 603, 8 N. W. 374. That was an action to recover damages for wrongful death occurring on July 15, 1875. The administrator was appointed on October 4, 1879. There was a demurrer to the complaint on the ground that the action was not commenced within the time limited by law. The court said:

"This action was brought under the provisions of R. S., secs. 4255, 4256. The same statute stands in the revision of 1858 as sections 12 and 13 of chapter 135. Section 13 contains the following proviso: 'Every such action shall be commenced within two years after the death of such deceased person.' This limitation is incorporated in the present revision in section 4224, subd. 3." [Referring to the revision of 1878.]

There is a division of authority under wrongful death statutes as to when the cause of action accrues. In some states it is held it accrues when the injury occurs, in some when the death occurs, and in some when the administrator is appointed. See 8 R. C. L. p. 803, § 82. We discover no intent to change the existing rule of law by the revision of 1878. The proviso fitted naturally into 4224 (3) because it had been held the action was barred two years after the death. While it is true that the observations of the court made in 1881 disclose no consideration of the fact that the word "death" is omitted in the revision of 1878, it was apparent that the court thought there was no change made in the law by the revision of 1878. See *Louisville, E. & St. L. R. Co. v. Clarke,* 152 U. S. 230, 14 Sup. Ct. 579, 38 L. Ed. 422.

The plaintiff relies upon *State ex rel. Northwestern M. L. Ins. Co. v. Circuit Court,* 165 Wis. 387, 162 N. W. 436, where it was held in a case involving the right to a change of venue, that a cause of action did not "accrue" until the appointment of an administrator, but that it "arose" when the insured died; that under sec. 2619 (5) the relator was entitled to a change of venue. The contentions of the plaintiff cannot be better disposed of than in the language of the supreme court of the United States in *Reading Co. v. Koons,* 271 U. S. 58, 46 Sup. Ct. 405, 406, 70 L. Ed. 835. The court said:

"We do not think it is possible to assign to the word 'accrued' any definite technical meaning which by itself would enable us to say whether the statutory period begins to run at one time or the other; but the uncertainty is removed when the word is interpreted in the light of the general purposes of the statute and of its other provisions, and with due regard to those practical ends which are to be served by any limitation of the time within which an action must be brought. . . .

"For while it is true that the executor or administrator is the person authorized to bring the suit, he nevertheless acts

only for the benefit of persons specifically designated in the statute. At the time of death there are identified persons for whose benefit the liability exists and who can start the machinery of the law in motion to enforce it, by applying for the appointment of an administrator. . . . Thus, at the death of decedent, there are real parties in interest who may procure the action to be brought; and there are no such practical inconveniences or necessary delays as would lead to the conclusion that the word 'accrued,' as used in the statute, cannot be taken to refer to the time of death."

The language of the statute evidences an intention to set a definite limit to the period within which actions may be commenced without reference to exigencies which may arise. The cause of action in cases of wrongful death is really in the beneficiary, and is prosecuted in the name of the administrator for the benefit of the person entitled to the proceeds. Sec. 331.04. It is *sui generis* and rests upon an entirely different basis than actions prosecuted by the administrator for the benefit of the estate. The action for wrongful death accrues at time of death and is barred if not commenced within two years from that time.

Sec. 330.50 provides:

"*Extension of time if no person to sue.* There being no person in existence who is authorized to bring an action thereon at the time a cause of action accrues shall not extend the time within which, according to the provisions of this chapter, an action can be commenced upon such cause of action to more than double the period otherwise prescribed by law."

Plaintiff contends that under this section the time within which an action may be commenced by an administrator for the wrongful death is extended for two years from the time when an administrator is appointed, citing *Stehn v. Hayssen,* 124 Wis. 583, 102 N. W. 1074; *Hafemann v. Seymer,* 191 Wis. 174, 210 N. W. 373. It is evident that this contention is based upon a misconception of the purpose and effect of sec. 330.50 and the holding of the court in *Stehn v. Hayssen.* Under the statutes of limitations of the state of New York,

which were almost identical with the statutes of this state, it had been held in certain classes of actions referred to in *Brucklin v. Ford,* 5 Barb. (N. Y.) 393, that statutes of limitations did not begin to run until the appointment of an administrator, and therefore where as in one case the appointment of an administrator had been delayed for fifty-seven years, the statute was no bar. (*Stehn v. Hayssen* was an action of that class.) It appears from the wording of the statute, as well as from the note of the revisers of 1878, that sec. 330.50 does not itself enlarge the time within which an action may be begun, but is a limitation by the terms of which, under the circumstances described in the cases referred to in *Brucklin v. Ford,* the time in no case shall be extended beyond double the amount of time which would otherwise bar the action. It being the conclusion of the court that an action for wrongful death accrues when death occurs, it is not one of the class of actions referred to in *Brucklin v. Ford* and therefore sec. 330.50 has no application.

*By the Court.*—The order appealed from is reversed, and cause remanded with directions to enter an order overruling the demurrer and for further proceedings according to law.