Megan M. LORD and Peter W. Lord, by Guardian Ad Litem, John C. Albert, and Estate of Peter O. Lord, by Personal Representative Kim Lord, Plaintiffs-Respondents-Cross Appellants,†

v.

HUBBELL, INC., and Liberty Mutual Insurance Company, Defendants-Appellants-Cross Respondents.

Court of Appeals

*No. 96–1031. Submitted on briefs January 16, 1997.—Decided April 10, 1997.*

(Also reported in 563 N.W.2d 913.)

†Petition to review denied.

For the defendants-appellants-cross respondents the cause was submitted on the briefs of *Frank A. Scherkenbach, Jeffrey S. Fertl* and *Sheila M. Gavin* of *Hinshaw & Culbertson* of Milwaukee.

For the plaintiffs-respondents-cross appellants the cause was submitted on the brief of *John C. Albert* of *Eustice, Albert, Laffey & Fumelle, S.C.* of Sun Prairie.

Before Vergeront, Roggensack and Deininger, JJ.

VERGERONT, J. This appeal concerns a statutory survival claim for personal injuries brought by the estate of Peter O. Lord pursuant to § 895.01(1), STATS.,[1] and a wrongful death claim under §§ 895.03 and 895.04(1), STATS.,[2] brought by Megan Lord and

---

[1] Section 895.01(1), STATS., provides:

**What actions survive; actions not to abate.** (1) In addition to the causes of action that survive at common law, the following shall also survive: cause of action . . . for . . . other damage to the person. . . .

[2] Section 895.03, STATS., provides:

**Recovery for death by wrongful act.** Whenever the death of a person shall be caused by a wrongful act, neglect or default and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person

Peter W. Lord, the minor children of the decedent.[3] The trial court dismissed both claims on the ground of improper service and dismissed both without prejudice, concluding that the statute of limitations had not run as to either claim. The defendants, Hubbell, Incorporated and its insurer, Liberty Mutual Insurance Company,[4] appeal on the ground that the estate's survival claim should have been dismissed with prejudice because the statute of limitations had run on that claim. The estate and the minor children cross-appeal, asserting that the defect in service was a technical error that should not result in dismissal and that Hubbell was equitably estopped from raising the statute of limitations defense.

We conclude that, because the plaintiffs conceded below that service was improper and there was no personal jurisdiction over Hubbell, they waived the right to raise the "technical error" issue on appeal. We also conclude that the trial court properly exercised its discretion in deciding that the defendants were not equitably estopped from raising the statute of limitations defense. Finally, we conclude that the statute of limitations has run on the estate's survival

---

who would have been liable, if death had not ensued, shall be liable to an action for damages notwithstanding the death of the person injured; provided, that such action shall be brought for a death caused in this state.

Section 895.04(1), Stats., provides:

**Plaintiff in wrongful death action.** (1) An action for wrongful death may be brought by the personal representative of the deceased person or by the person to whom the amount recovered belongs.

[3] Megan was born on May 18, 1980, and Peter W. was born on January 8, 1979.

[4] We refer to the defendants collectively as Hubbell in this opinion.

claim, and that claim therefore should be dismissed with prejudice.[5]

## BACKGROUND

The facts pertinent to this appeal are not disputed. The complaint, filed on May 11, 1995, alleged that Peter O. Lord sustained a severe electrical shock on September 15, 1992, during his employment at Dairy Equipment Company from a plug and receptacle manufactured by Hubbell. He suffered conscious pain and suffering and bodily injury and died that same day due to cardiac failure.

Plaintiffs' counsel[6] attempted to serve Hubbell through its registered agent in Wisconsin but learned that Hubbell's certificate of authority to transact business in Wisconsin had been revoked. On May 19, 1995, plaintiffs' counsel sent to Hubbell's chief counsel by regular mail a copy of the summons and complaint along with a letter requesting that he admit service by executing and returning the enclosed admission form. Hubbell's chief counsel did not do that, and Hubbell did nothing to admit service. Plaintiffs made no further attempt to personally serve with process any agent, servant or employee of Hubbell. Hubbell's counsel did

---

[5] The concurrence/dissent addresses the question whether the trial court had the authority to decide the statute of limitations issue in the context of deciding whether the dismissal for lack of jurisdiction should be with or without prejudice. Because neither of the parties, either before the trial court or before this court, raises that issue, we do not address it.

[6] The guardian ad litem appointed to bring the wrongful death action on behalf of the minor children and the attorney for the estate are the same person, and we refer to him as "plaintiffs' counsel."

receive the summons, complaint and admission of service form.

Hubbell filed its answer to the complaint and affirmative defenses on June 14, 1995, raising the affirmative defenses of improper service and lack of personal jurisdiction. That same day, plaintiffs' counsel wrote Hubbell's counsel asking for the basis of Hubbell's jurisdictional defense. Hubbell's counsel did not answer that letter.

Hubbell made no mention of any defect in service or personal jurisdiction in its pretrial conference data sheet, filed on August 31, 1995, at the telephone scheduling conference with the court's law clerk and all counsel on September 11, 1995, or at the scheduling conference with the court on November 8, 1995. Neither the original nor the second pretrial scheduling order mentioned these defenses. During these months, Hubbell served discovery requests on the plaintiffs, served a subpoena requiring production of the allegedly defective plug and receptacle, entered into a stipulation with plaintiffs' counsel concerning custody of the evidence, and noticed and took depositions.

The plaintiffs filed an amended summons and complaint on December 8, 1995, adding an additional ground—negligent failure to warn—for both the wrongful death claim and the estate's survival claim. Hubbell answered the amended complaint, asserting as affirmative defenses improper service of the complaint and amended complaint and lack of personal jurisdiction.

On January 12, 1996, Hubbell filed a motion to dismiss both claims because of improper service and lack of personal jurisdiction and to dismiss the estate's survival claim with prejudice because the three-year statute of limitations for a personal injury claim had

run.[7] *See* § 893.54(1), STATS. The plaintiffs responded by arguing that Hubbell had waived the defenses of improper service and lack of personal jurisdiction, and was estopped from asserting a statute of limitations defense. The plaintiffs also argued that the statute of limitations on the estate's survival claim, like the wrongful death claim of the minor children, was tolled until two years after the children turned eighteen under § 893.16(1), STATS.[8]

At the hearing on the motion, plaintiffs' counsel conceded that the service on Hubbell did not constitute proper service and that there was therefore no personal jurisdiction over Hubbell.[9] The court concluded that Hubbell had not waived defenses based on improper

---

[7] An action is commenced within the statute of limitations when a summons and complaint are filed prior to expiration of the statute of limitations and then properly served within sixty days of filing. *Hester v. Williams*, 117 Wis. 2d 634, 640-41, 345 N.W.2d 426, 429 (1984).

[8] Section 893.16, STATS., provides in part:

**Person under disability.** (1) If a person entitled to bring an action is, at the time the cause of action accrues, either under the age of 18 years, except for actions against health care providers; or insane, or imprisoned on a criminal charge the action may be commenced within 2 years after the disability ceases, except that where the disability is due to insanity or imprisonment, the period of limitation prescribed in this chapter may not be extended for more than 5 years.

[9] Section 801.11(5)(a)-(c), STATS., provides that service of the summons upon a corporation may be made by personal service on an officer, director or managing agent of the corporation or by leaving the summons at their office with someone apparently in charge of the office; under certain circumstances, by publication and mailing; or in a manner specified in another statute for serving an agent authorized by law to accept service of a summons for the defendant.

service and lack of personal jurisdiction and was not estopped from raising a statute of limitations defense. The court dismissed the claims of the estate and of the minor children without prejudice because it concluded that the tolling statute applicable to the minors' wrongful death claim also applied to the estate's survival claim, since the two minors were the only beneficiaries of the estate.

## DISCUSSION

*Service of Process*

We address first the plaintiffs' argument on cross-appeal that the defect in service was technical and therefore not fatal in the absence of prejudice. We credit counsel for acknowledging forthrightly that this argument was not made before the trial court. However, we decline to decide this issue. We generally do not decide issues that are raised for the first time on appeal. *Wengerd v. Rinehart*, 114 Wis. 2d 575, 580, 338 N.W.2d 861, 865 (Ct. App. 1983). In this case, besides not raising the issue below, plaintiffs' counsel conceded to the trial court that service was improper and there was no personal jurisdiction over Hubbell. Plaintiffs' appellate argument presents no compelling reason for departing from our general rule.

*Estoppel*

We next address plaintiffs' argument that Hubbell is equitably estopped from raising the statute of limitations defense. The first issue here is whether, as Hubbell claims, plaintiffs are precluded from making this argument because they did not refer to it in their

notice of cross-appeal but mentioned only the trial court's ruling on waiver of the defenses of improper service and lack of personal jurisdiction. We hold plaintiffs are not precluded from arguing equitable estoppel on appeal, an argument they made below.

■

The contents of a notice of appeal, including a notice of cross-appeal, are specified by statute, § 809.10(1) and (2), STATS. There is no requirement that the particular issues sought to be raised on appeal be included in the notice of appeal or cross-appeal. Moreover, a cross-appeal is not necessary when the error complained of by the respondent, if corrected, would sustain the judgment or order that the appellant appeals. *State v. Alles*, 106 Wis. 2d 368, 390-91, 316 N.W.2d 378, 388 (1982). If the plaintiffs are correct that Hubbell is equitably estopped from raising a statute of limitations defense, that is an alternative ground for affirming the trial court's decision that the estate's claim should be dismissed without prejudice. Therefore, plaintiffs could make this argument in their responsive brief without filing a cross-appeal.

Turning to the merits of plaintiffs' assertion that the trial court should have held that Hubbell was equitably estopped, we conclude that the trial court did not erroneously exercise its discretion.

■

Whether to apply estoppel to preclude a party from raising a defense is within the trial court's discretion. *Gonzalez v. Teskey*, 160 Wis. 2d 1, 13, 465 N.W.2d 525, 530 (Ct. App. 1990). We affirm discretionary determinations of the trial court if it applied the correct law to the record and, through a logical process, reached a result a reasonable judge could reach. *Rodak v. Rodak*, 150 Wis. 2d 624, 631, 442 N.W.2d 489, 492

(Ct. App. 1989). The six rules that a trial court is to consider in deciding whether to apply equitable estoppel are:

> (1) The doctrine may be applied to preclude a defendant who has been guilty of fraudulent or inequitable conduct from asserting the statute of limitations;
>
> (2) The aggrieved party must have failed to commence an action within the statutory period because of his or her reliance on the defendant's representations or act;
>
> (3) The acts, promises or representations must have occurred before the expiration of the limitation period;
>
> (4) After the inducement for delay has ceased to operate, the aggrieved party may not unreasonably delay;
>
> (5) Affirmative conduct of the defendant may be equivalent to a representation upon which the plaintiff may rely to his or her disadvantage; and
>
> (6) Actual fraud, in a technical sense, is not required.

*Hester v. Williams*, 117 Wis. 2d 634, 644-45, 345 N.W.2d 426, 431 (1984).

In making its decision, the trial court recited each fact pertinent to estoppel, confirming with both counsel that there was no dispute as to each fact. The court determined that Hubbell's counsel was under no obligation to respond to plaintiffs' counsel's June 12, 1995 letter inquiring about the basis for the defense of improper service and lack of personal jurisdiction. The court acknowledged that it was initially troubled by this failure, because a timely response would have permitted plaintiffs to correct the defect in service before September 15, 1995. However, the court

concluded, following *Hester*, that Hubbell's counsel had no obligation to do so. That is an accurate analysis of *Hester*, in which the court concluded that defense counsel was not under an obligation to alert opposing counsel to noncompliance with statutes on service, especially since the defect was dispositive of the case. *Id.* at 645, 345 N.W.2d at 431.

The trial court then applied the six *Hester* rules to the facts, noting that the relevant time period was from the filing of the action on May 11, 1995 to September 15, 1995, three years from the date of Lord's death. First, the court determined that there was neither fraud nor inequitable conduct by Hubbell or its counsel. Considering the second and third rules together, the court determined that there was no act, promise or representation by Hubbell that it would not at some point pursue the defense that it had already asserted in its answer: the failure to respond to the June 12 letter was not such an act, promise, or representation because Hubbell's counsel had no obligation to advise of the service problem and indeed had an obligation to his client not to do so.

Fourth, the court determined that plaintiffs' counsel acted promptly to obtain a hearing when it learned Hubbell was asserting the defense by motion. Fifth, the court determined that the only affirmative conduct by Hubbell was moving forward with discovery, and that was not the equivalent of a representation that it was not going to pursue the defenses it had asserted in its answer. The sixth rule—no actual fraud in a technical sense required—is an elaboration on the first rule, which the court had already applied. The final point the court made was that the interest in zealous advocacy outweighed any

161

professional courtesy to opposing counsel, restating the teaching it drew from *Hester*.

■

The court's careful attention to the pertinent facts, its correct application of the law, and its thorough and reasoned explanation for its conclusions demonstrate a proper exercise of discretion.

*Statute of Limitations*

We now decide whether the statute of limitations for the estate's survival claim under § 895.01, STATS., is tolled by § 893.18(2), STATS., because the only beneficiaries of the estate are the two minor Lords. The parties agree that, although the statute of limitations for a wrongful death claim is ordinarily three years, *see* § 893.54(2), STATS., it is tolled for the children's wrongful death claim by the application of § 893.18(2) until two years after they turn eighteen.[10] They disagree, however, on whether § 893.18(2) affects the statute of limitations for the estate's claim under

---

[10] Section 895.04(1), STATS., provides that either the personal representative of the deceased or the persons to whom the amount recovered belongs—in this case, the two minor children because their father was not married at the time of his death—may bring the wrongful death action. To avoid separate actions for the same wrongful death, if actions for the same wrongful death are not consolidated so that a single judgment may be entered, only an action by the personal representative is permitted to proceed. Section 895.04(3). Because the minors in this case are bringing the wrongful death claim before the eighteenth birthday of either, we need not decide how the tolling provision for minors applies when there are two or more minors, with different birth dates, who are entitled to recover for a wrongful death.

§ 895.01 for the decedent's personal injury.[11] This presents a question of law, which we decide independently of the trial court. *See Tahtinen v. MSI Ins. Co.*, 122 Wis. 2d 158, 166, 361 N.W.2d 673, 677 (1985). We conclude that the estate's survival claim is not tolled by § 893.18(2).

As the trial court correctly recognized, there is no case directly on point, but *Korth v. American Family Ins. Co.*, 115 Wis. 2d 326, 340 N.W.2d 494 (1983), provides the proper framework for resolving the issue. Because the court's analysis in *Korth* is critical to our decision, and in order to explain why we reach a different conclusion than did the trial court based on the same case, we discuss *Korth* in some detail.

In *Korth*, the parents of an injured child filed a claim for loss of society and companionship and medical bills, along with their child's claim for damages for her injuries. The two claims were filed after the three-year statute of limitations for personal injuries had passed but while the child was still a minor. The supreme court had decided in *Shockley v. Prier*, 66 Wis. 2d 394, 404, 225 N.W.2d 495, 501 (1975), that parents of an injured child could maintain such an action provided the parents' claim was combined with the child's claim, but did not address in *Shockley* the statute of limitations for the parents' claim.

The *Korth* court began by noting "three undisputed principles" derived from *Shockley*: (1) two causes of action arise for a child's injuries—the child's for injury to the child and the parents for invasion of the parents'

---

[11] Neither party questions the authority of the trial court to decide this issue in the context of deciding whether the dismissal for improper service and lack of personal jurisdiction should be with or without prejudice. We therefore do not address this issue.

interests; (2) the parents may maintain such an action, and (3) the parents' action must be combined with the child's action. *Korth*, 115 Wis. 2d at 330-31, 340 N.W.2d at 496. The court noted that classifying the two claims as either separate or derivative was not helpful and that the better approach was to examine the legal context in which the question about the relationship between the two claims arises and make a decision that furthers the policies of the particular statutes at issue. *Id.* at 331-32, 340 N.W.2d at 496.

The court next identified the policies of the statutes. The purpose of § 893.54(1), STATS., like all statute of limitations, is to ensure prompt litigation of valid claims and to protect the defendant from fake or fraudulent claims brought after evidence has been lost and memories faded. *Id.* at 332, 340 N.W.2d at 497. The purpose of § 893.18(2), STATS., is to ensure that the minor does not lose rights because a guardian neglected to protect the minor's interest by bringing an action in a timely fashion. *Id.*

The court then applied these policies to the claims before it. The court noted that because the parents' claim must be combined with the child's, and the parents' claim must be filed within three years, the child's claim must also be filed within three years. This could be beneficial to the child, the court stated, because it would force the child's claim to be brought promptly, but it might not be in a particular case. The court stated that although giving the minor's representative the opportunity to delay suit beyond three years was not the purpose of the tolling statute, that was the effect of the statute. *Id.*

As for the interest of defendants, the court concluded that they would not necessarily be additionally burdened by the longer statute of

limitations for the parents' claim, because they had to preserve evidence and maintain readiness to defend against the minor's claim in any case. *Id.* at 333.

Finally, the court considered a third factor—that the parents' interpretation of the *Shockley* decision and the statutes was a reasonable one, and that another interpretation would unfairly deny them access to the courts. *Id.*

After applying the policies to the case before it, the court concluded that there were equally strong public policy reasons for both interpretations. The court adopted the interpretation applying the tolling provision to the parents' claim "to allow the minor or the minor representative a longer limitations period, to encourage the policies underlying the joinder requirement, and to apply a fair and reasonable construction of the statutory provisions." *Id.* at 334, 340 N.W.2d at 497.

Following the reasoning process of the court in *Korth*, we begin by discussing the children's wrongful death claim, the estate's survival claim, and the relationship between the two. Both claims are created by statute. *Wangen v. Ford Motor Co.*, 97 Wis. 2d 260, 312, 294 N.W.2d 437, 463 (1980). The claim under § 895.01, STATS., is for damages for the pain and suffering that the deceased suffered prior to his or her death. *Id.* at 310, 294 N.W.2d at 463. That claim, by virtue of the statute, survives the death and passes to the decedent's estate. *Id.* at 310-11, 294 N.W.2d at 463. The wrongful death claim belongs to the persons named in the statute who have suffered pecuniary loss and loss of society and companionship because of the person's death. *Id.* at 312, 294 N.W.2d at 463.

Although the personal representative of the estate may bring the wrongful death claim as an agent for the relatives designated in the statute, § 895.04(1) and (2), STATS., the action for wrongful death does not belong to the estate but to the designated beneficiaries. *Nichols v. United States Fidelity & Guaranty Co.*, 13 Wis. 2d 491, 496-97, 109 N.W.2d 131, 134-35 (1961). A wrongful death claim is derivative of the decedent's claim for personal injury in that there is liability under the former only if and to the extent that the injured person could have recovered had death not occurred. *Ruppa v. American States Ins. Co.*, 91 Wis. 2d 628, 646, 284 N.W.2d 318, 325 (1979).

The principles we draw from the nature and relationship of these two claims differ from the three principles that framed the analysis of the court in *Korth*. First, the two causes of action at issue in this case do not arise from injury to the children but from injury, resulting in death, to their father. This means that the children are not involved in the estate's survival claim except in the sense that they are the beneficiaries of the estate: testimony and evidence from them and relating to them is not part of the estate's survival claim. Second, there is no requirement that a wrongful death claim be joined with the estate's survival claim, *see Muchow v. Goding*, 198 Wis. 2d 609, 627, 544 N.W.2d 218, 224 (Ct. App. 1995), as there is a requirement that a parent's claim arising from injury to his or her child be joined with the child's claim.

We now apply to the claims before us the policy underlying the tolling statute and the policy underlying the statute of limitations in § 895.54, STATS., as articulated in *Korth*. It is true here, as in *Korth*, that defendants must be prepared to preserve

evidence and maintain readiness to defend against the children's wrongful death claim until the expiration of the tolling statute, and in that sense the longer statute of limitations for the estate's survival claim does not necessarily put an additional burden on defendants.

However, the other side of the equation is significantly different than in *Korth*. First, since the survival claim and the wrongful death claim need not be joined, having the same statute of limitations for both will not necessarily result in only one action. Second, if there are reasons in a particular case relating to the children's interests to delay the wrongful death claim beyond three years, there are no reasons the estate's survival claim, which does not involve the children, cannot be brought separately within the three years. Third, a prompt disposition of the estate's claim will benefit the estate's beneficiaries, including minor beneficiaries. Because of the duties imposed on personal representatives of estates for resolving claims whether the beneficiaries are minors or not, there appears to be little need to toll the statute of limitations to ensure that minor beneficiaries do not lose rights because the personal representative neglects to act promptly.

The application of the third policy the court considered in *Korth*—a fair and reasonable construction of the statutory provision—also takes a different course in this case. The court in *Korth* noted that the parents' interpretation of *Shockley* and the two statutes at issue was a reasonable one. In this case, the filing of the estate's claim after the three-year statute of limitations did not occur because of the estate's interpretation of statutes or case law on the statute of limitations for its claim, but because of improper service. The policies, statutes, and case law

167

relating to service of a summons and complaint are distinct from those relating to statutes of limitations. While the effects of the former may seem harsh in a particular case, they are not pertinent to a fair and reasonable interpretation of the statute of limitations at issue in this case.

In considering what is a fair and reasonable interpretation of the minor tolling statute in conjunction with the statute of limitations for the estate's survival claim, we must recognize that it will not always be the case that the minors who have the right to bring a wrongful death claim are the beneficiaries, and the only beneficiaries, of the estate. Although the trial court limited its ruling to just those circumstances, we are persuaded that we must consider the effect of this interpretation on other situations that may arise under the same statutes. If there are beneficiaries of the estate in addition to the minor or minors having a right to recover on a wrongful death claim, is the estate's claim tolled then? If the estate's survival claim is tolled when minor children of the decedent may bring a wrongful death claim, is an injured parent's claim, where death does not result, tolled when the minor child has a claim for loss of society and companionship resulting from the parent's injuries? *See Theama v. City of Kenosha*, 117 Wis. 2d 508, 525-26, 344 N.W.2d 513, 521 (1984) (establishing child's right to recover for loss of parent's society and companionship resulting from injury to parent caused by another's negligence).

The complexity and uncertainty that plaintiffs' interpretation introduces weighs against their interpretation. Although we are mindful that we are to look beyond the labels of "derivative" and "separate" claims, we note that these complexities arise in part

because the plaintiffs urge us to apply the minor tolling statute in a case where the underlying injury is not to a minor, as in *Korth*, but where the minor's claim (wrongful death) arises from the injury to a parent—a reversal of the relationship of the claims in *Korth*.

We conclude that, on balance, public policy favors applying the three-year statute of limitations to the estate's survival claim. Tolling the statute of limitations for the estate's claim is not necessary to ensure that the interests of minor beneficiaries of estates are protected; it will not necessarily result in only one piece of litigation; and it is not necessary to provide a guardian or parent the opportunity to wait longer than three years to bring the claim requiring the minor's involvement—the wrongful death claim—if that is in the child's interests. In addition, the justification for plaintiffs' interpretation is not based on the nature and relationship of the two claims but on the particular configuration of the estate's beneficiaries and the wrongful death claimants in this case. This justification does not provide a reasoned and predictable basis for interpreting the same statutes when that configuration varies.

On the other hand, applying a three-year statute of limitations to the estate's claim will promote the prompt resolution of estates' survival claims, will avoid injecting complexity and uncertainty in an area where predictability and clarity are desirable, and is consistent with the result in *Korth*, which adopted the statute of limitations applicable to the underlying injury giving rise to the claims.

We therefore conclude that the trial court erred in dismissing the estate's survival claim without prejudice. Since the three-year statute of limitations

had expired, that claim should have been dismissed with prejudice.

*By the Court.*—Judgment reversed and cause remanded with directions.

ROGGENSACK, J. (*concurring in part; dissenting in part*). I concur in this court's conclusion that the trial court lacked personal jurisdiction over Hubbell due to improper service, and that the respondents waived the "technical error" objection to that issue by not raising it at the trial court level. However, I respectfully dissent from the remainder of the opinion.

In order to decide the merits of a case, a court must have both subject matter jurisdiction and personal jurisdiction. *P.C. v. C.C.*, 161 Wis. 2d 277, 297, 468 N.W.2d 190, 198 (1991). Personal jurisdiction requires a party to have both a sufficient relationship to the court attempting to exercise its power over the controversy, and notice of the claims being made. *See State v. Smith*, 131 Wis. 2d 220, 239, 388 N.W.2d 601, 609 (1986). A court has jurisdiction to determine its own power. *Wisconsin Public Service Corp. v. Krist*, 104 Wis. 2d 381, 391, 311 N.W.2d 624, 629 (1981). When personal jurisdiction is questioned, the trial court must try that issue before reaching the merits of the case. *Pavalon v. Thomas Holmes Corp.*, 25 Wis. 2d 540, 547, 131 N.W.2d 331, 334-35 (1964).

Here, it is Hubbell who is claiming a lack of personal jurisdiction due to improper service and it is also Hubbell who is invoking the power of the court to decide a statute of limitations question in its favor and an estoppel defense to the statute of limitations against the respondents. Hubbell cannot have it both ways. Either there is power in the court to decide the merits

of this case, in which event the jurisdictional challenge cannot stand, or there is no power for the trial court to go further than to decide the jurisdictional question. Once it was determined that no personal jurisdiction over Hubbell existed, the trial court lacked the legal power to decide the merits of other issues Hubbell placed before it. *See State ex rel. Angela M.W. v. Kruzicki*, 197 Wis. 2d 532, 546, 541 N.W.2d. 482, 487 (Ct. App. 1995). Therefore, it is not appropriate for this court to decide whether the statute of limitations has run, or whether Hubbell should be equitably estopped from raising the statute of limitations as a defense. I would hold that this case was properly dismissed without prejudice, as is appropriate when there is a lack of personal jurisdiction. *Giese v. Giese*, 43 Wis. 2d 456, 464, 168 N.W.2d 832, 836 (1969).