The ESTATE OF Shawn MERRILL, by James Mortenson, Personal Representative, Plaintiff-Appellant,

v.

Joseph JERRICK and Farmers Insurance Group/Farmers Insurance Exchange, Defendants-Respondents.†

Court of Appeals

*No. 99–0787. Submitted on briefs October 14, 1999.—Decided November 23, 1999.*

(Also reported in 605 N.W.2d 645.)

†Petition to review denied.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Robert E. Salmon* of *Meagher & Geer, P.L.L.P.* of Minneapolis, MN.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Todd Becker* of *Coyne, Niess, Schultz, Becker & Bauer, S.C.* of Madison.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. CANE, C.J. The Estate of Shawn Merrill appeals a summary judgment dismissing its survival claim against Joseph Jerrick and his insurer (Jerrick). The estate contends that the trial court erroneously dismissed its claim based upon a statute of limitations defense. We agree and therefore reverse the judgment and remand for further proceedings.

¶ 2. This case arises from a one-vehicle accident that occurred on November 23, 1994. Shawn Merrill, age sixteen, was severely injured as a passenger in a vehicle driven by Joseph Jerrick. Jerrick observed Merrill slipping in and out of consciousness while suffering pain immediately following the accident. Three days after the accident, on November 26, Merrill died as a result of the injuries sustained in the accident.

¶ 3. In 1995, Merrill's parents settled their wrongful death claim without the benefit of legal counsel. On November 26, 1997, three years after the date of death, the estate brought a survival claim against Jerrick and his insurer, seeking damages for Merrill's pain and suffering, and reimbursement for medical bills incurred during the three days between the acci-

dent and his death. *See* § 895.01, STATS.[1] Jerrick moved to dismiss the complaint as time-barred under the three-year statute of limitations. *See* § 893.54, STATS. The estate opposed the motion based upon the "discovery rule" and argued that due to Merrill's traumatic condition, his claim did not accrue on the date of the accident, but rather at the time of his death. The trial court ruled that the discovery rule was not applicable under the circumstances and entered summary judgment of dismissal.

¶ 4. We review a summary judgment de novo, applying the same standards as the trial court. *See Brownelli v. McCaughtry*, 182 Wis. 2d 367, 372, 514 N.W.2d 48, 49 (Ct. App. 1994). Summary judgment is appropriate if the material facts are undisputed and the reasonable inferences lead to one conclusion. *See id.*

¶ 5. By virtue of § 895.01, STATS., claims for damages due to pain and suffering of the deceased survive his death and pass to the decedent's estate. *See Lord v. Hubbell, Inc.*, 210 Wis. 2d 150, 165, 563 N.W.2d 913, 919 (Ct. App. 1997). A survival action is distinct from a wrongful death action. *See Wangen v. Ford Motor Co.*, 97 Wis. 2d 260, 310–11, 294 N.W.2d 437, 462–63 (1980).

¶ 6. A survival statute, unlike a wrongful death act, does not create a new cause of action unknown to common law. *See Miller v. Luther*, 170 Wis. 2d 429,

---

[1] Section 895.01(1), STATS., entitled "**What actions survive; actions not to abate**" reads in part: "In addition to the causes of action that survive at common law, the following shall also survive: causes of action . . . for . . . damage to the person . . . ."

435–36, 489 N.W.2d 651, 652–53 (Ct. App. 1992). Rather, it changes the rule of common law that certain actions abate with death. The survival action is brought by the decedent's estate for the injury to the decedent; the wrongful death action belongs to the beneficiaries named in the statute. *See id.*; *see also* §§ 895.03 and 895.04, STATS. "[T]he latter action begins where the former ends." *Wangen*, 97 Wis. 2d at 312, 294 N.W.2d at 463. There is no requirement that the estate's survival claim be joined with a wrongful death action. *See Lord*, 210 Wis. 2d at 166, 563 N.W.2d at 920.[2]

¶ 7. Section 893.54, STATS., requires that an action to recover damages for personal injuries must be brought within three years of the accrual of the cause of action.[3] In *Hansen v. A.H. Robins, Inc.*, 113 Wis. 2d 550, 560, 335 N.W.2d 578, 583 (1983), our supreme court held that all tort claims, with the exception of those governed by a legislatively created discovery rule, "shall accrue on the date the injury is discovered or with reasonable diligence should be discovered, whichever occurs first."[4] The court adopted the discovery rule "in the interest of justice and fundamental fairness," noting that a statute of limitations raises two

---

[2] A wrongful death action accrues at the time of death. *Miller v. Luther*, 170 Wis. 2d 429, 436, 489 N.W.2d 651, 652–53 ( Ct. App. 1992).

[3] Section 893.54, STATS., provides:

> The following actions shall be commenced within 3 years or be barred:
> (1) An action to recover damages for injuries to the person.
> (2) An action brought to recover damages for death caused by the wrongful act, neglect or default of another.

[4] Neither party contends that any legislatively created discovery rule applies to this case.

conflicting public policies: "(1) That of discouraging stale and fraudulent claims, and (2) that of allowing meritorious claimants, who have been as diligent as possible, an opportunity to seek redress for injuries sustained." *Id.* at 558, 335 N.W.2d at 582.

¶ 8. In deciding that the discovery rule did not severely infringe on the public policy of discouraging stale and fraudulent claims, the court stated:

> Although the discovery rule will allow actions to be filed more than three years after the date of injury, it will not leave defendants unprotected from stale and fraudulent claims. Under the rule a claim accrues when the injury is discovered or reasonably should have been discovered. Therefore, it does not benefit claimants who negligently or purposely fail to file a timely claim.

*Id.* at 559, 335 N.W.2d at 582. This passage illustrates that the court was attempting to strike a balance between the conflicting public policies rather than completely subordinating the public policy of discouraging stale and fraudulent claims. The court explained the significance of the public policy of allowing meritorious claims as follows:

> It is manifestly unjust for the statute of limitations to begin to run before a claimant could reasonably become aware of the injury. Although theoretically a claim is capable of enforcement as soon as the injury occurs, as a practical matter a claim cannot be enforced until the claimant discovers the injury and the accompanying right of action. In some cases the claim will be time barred before the harm is or could be discovered, making it impossible for the injured party to seek redress. Under these circumstances the statute of limitations works to punish

victims who are blameless for the delay and to benefit wrongdoers by barring meritorious claims. In short, we conclude that the injustice of barring meritorious claims before the claimant knows of the injury outweighs the threat of stale or fraudulent actions.

*Id.* From this language it is apparent that the common law discovery rule was intended to introduce practical considerations into the operation of the relevant statutes of limitation. *See Claypool v. Levin*, 209 Wis. 2d 284, 295, 562 N.W.2d 584, 588 (1997).

¶ 9. Under this discovery rule, "a cause of action accrues when the plaintiff discovered or, in the exercise of reasonable diligence, should have discovered his injury, its nature, its cause and the identity of the allegedly responsible defendant." *Carlson v. Pepin County*, 167 Wis. 2d 345, 352–53, 481 N.W.2d 498, 501 (Ct. App. 1992). Accordingly, we have held that a plaintiff's cause of action had not accrued during the time he was in a coma because he reasonably could not have discovered his injury or its cause. *See id.* at 353, 481 N.W.2d at 501. The test of the discovery rule, "in the exercise of reasonable diligence," is an objective test. *Id.* "When deciding whether a reasonable person under the same or similar circumstances as the plaintiff should have discovered the injury and its cause, it is proper to consider the plaintiff's mental disabilities." *Id.* Thus, under the discovery rule, Merrill's claim accrued when a reasonable person with the same degree of mental and physical handicap and under the same or similar circumstances as Merrill should have discovered the injury, its cause, its nature and the

defendants' identities. *See id.* at 353–54, 481 N.W.2d at 501–02.[5]

¶ 10. It is undisputed that Merrill sustained severe injuries as a result of the accident. The record, however, does not indicate when Merrill, with reasonable diligence, would have discovered his injury, its cause and the defendants' identities. Jerrick argues that competing inferences can be drawn from his affidavit regarding Merrill's degree of consciousness. We conclude that there is an issue of material fact concerning when a reasonable person with the same degree of mental and physical handicap and under the same or similar circumstances as Merrill should have discovered his injury, its cause, its nature and the defendants' identities.

¶ 11. Jerrick maintains, however, that Merrill's personal injury action accrued on the date of the accident because as soon as the accident occurred, the necessary elements were identifiable. We are unpersuaded. Jerrick's contention ignores our holding in *Carlson*, which recognizes that an action accrues on discovery and applies an objective test to determine whether a person under the same degree of mental or physical handicap should have discovered his claim. *See id.* at 353–54, 481 N.W.2d at 501–02.

---

[5] Other courts have also held that the discovery rule applies when the plaintiff is literally unable to "discover" the injuries he or she has sustained due to the injury giving rise to the claim. *See, e.g., Washington v. United States*, 769 F.2d 1436, 1439 (9th Cir. 1985) (concluding that comatose plaintiff's claim did not accrue at the time plaintiff fell into a coma as a result of alleged medical malpractice). In *Clifford v. United States*, 738 F.2d 977, 980 (8th Cir. 1984), the Eighth Circuit court agreed and held that a comatose plaintiff's claim for malpractice did not accrue until the date a guardian was appointed.

¶ 12. Jerrick seeks to distinguish *Carlson*, however, on the basis that in *Carlson*, the plaintiff lived, and here, Merrill died. This distinction is unpersuasive. Because Merrill would have had the benefit of the discovery rule if he had lived and brought the tort action in his own name, it is not fair to reach a contrary result due to his death. If a contrary rule were adopted, and a comatose person remained in such a state without a guardian and until the statute of limitations expired and then died, no one would be capable of bringing a meritorious claim. This result would be directly contrary to the policies behind the adoption of the discovery rule.

¶ 13. The personal representative "stands in the shoes" of the decedent, and the estate is entitled only to what the decedent would have had if the decedent were living. *See In re King's Estate*, 261 Wis. 266, 270, 52 N.W.2d 885, 887 (1952). The test to determine whether the victim should have discovered the elements of his claim is objective. *See Carlson*, 167 Wis. 2d at 353, 481 N.W.2d at 501. We conclude that the fact the victim is deceased does not preclude the application of the discovery rule to the survival claim.

¶ 14. Next, Jerrick argues that we should not apply the discovery rule because Merrill was a minor. He relies on *Barnhart v. United States*, 884 F.2d 295 (7th Cir. 1989), that held that the evidence did not show that the plaintiff's mental condition prevented him from discovering or understanding the cause of his injury. In so holding, the court observed:

> Where the plaintiff was a minor whose parents had a duty to take the initiative in instituting a legal action, or where a plaintiff has an appointed guard-

ian with a similar duty, the plaintiff's incapacity would not appear to be similarly critical.

*Id.* at 299.

¶ 15. Relying on *Barnhart,* Jerrick contends that because Merrill was a minor, his parents had a legal duty to file the action within three years of the accident. He argues, as a result, that Merrill's allegedly comatose condition would not be relevant. We are unpersuaded. In Wisconsin, the statute of limitations for personal injuries to a minor is tolled by application of § 893.16, STATS., until two years after the child reaches age eighteen.[6]

---

[6] Section 893.16, STATS., entitled "**Person under disability**" provides:

(1) If a person entitled to bring an action is, at the time the cause of action accrues, either under the age of 18 years, except for actions against health care providers; or mentally ill, the action may be commenced within 2 years after the disability ceases, except that where the disability is due to mental illness, the period of limitation prescribed in this chapter may not be extended for more than 5 years.

(2) Subsection (1) does not shorten a period of limitation otherwise prescribed.

(3) A disability does not exist, for the purposes of this section, unless it existed when the cause of action accrues.

(4) When 2 or more disabilities coexist at the time the cause of action accrues, the 2-year period specified in sub. (1) does not begin until they all are removed.

(5) This section applies only to statutes in this chapter limiting the time for commencement of an action or assertion of a defense or counterclaim except it does not apply to:

(a) Actions for the recovery of a penalty or forfeiture or against a sheriff or other officer for escape;

(b) Extend the time limited by s. 893.33, 893.41, 893.59, 893.62, 893.73 to 893.76, 893.77 (3), 893.86 or 893.91 or subch. VIII for commencement of an action or assertion of a defense or counterclaim; or

(c) A cause of action which accrues prior to July 1, 1980.

¶ 16. This section demonstrates legislative intent to permit a minor or a minor's representative the benefit of a longer limitations period. It dates back to at least 1848 and ensures that a minor does not lose rights because a guardian neglected to bring an action in a timely fashion. *See Doe v. Archdiocese of Milwaukee*, 211 Wis. 2d 312, 346, 565 N.W.2d 94, 107 (1997). While infancy precludes the commencement of an action in the infant's name alone, the condition of infancy does not foreclose the commencement of an action on the infant's behalf. *See id.* at 347, 565 N.W.2d at 107. Nonetheless, "forcing the parents to initiate the minor's action within the three-year period may not be in the minor's interest in a particular case." *Korth v. American Fam. Ins. Co.*, 115 Wis. 2d 326, 333, 340 N.W.2d 494, 497 (1983). We conclude that *Barnhart* does not apply because Wisconsin does not require parents to commence personal injury actions on behalf of their minor children within three years of the date of the injury.[7]

¶ 17. Finally, Jerrick contends that to adopt Merrill's argument would mean that when one dies while in a coma, a claim would never accrue because the decedent will never be in a position to discover his injuries. He argues that there never would be any statute of limitations. That issue is not before us. The estate acknowledges that assuming Merrill was unable to dis-

---

[7] The estate does not raise the issue of whether Merrill's minority would have tolled the statute of limitation. "Under *Carlson* [*v. Pepin County*, 167 Wis. 2d 345, 481 N.W.2d 498 (Ct. App. 1992)], if a party wishes the benefit of the disability tolling statute, then the party does not get the benefit of the discovery rule." *Ghashiyah v. Prudential Ins. Co.*, 198 Wis. 2d 699, 704, 543 N.W.2d 538, 540 (Ct. App. 1995).

cover his claim, it accrued at the date of his death. We do not address hypothetical arguments. *See State v. Armstead*, 220 Wis. 2d 626, 628, 583 N.W.2d 444, 446 (Ct. App. 1998) (declining to decide issues based on future or hypothetical facts).[8]

¶ 18. We conclude that the estate's survival claim accrued when Merrill with reasonable diligence should have discovered his claim, here, no later than his date of death when his claim vested with the estate's personal representative. The record leaves room for controversy concerning when a reasonable person with the same degree of mental and physical handicap and under the same or similar circumstances as Merrill should have discovered his injury, its cause, its nature and the defendants' identities. Because a

---

[8] While it is not necessary to decide this issue in the instant case, we note that the estate's concession was consistent with the observations of at least one other court. Although the comatose plaintiff had not died in *Clifford v. United States*, 738 F.2d 977, 980 (8th Cir. 1984), the Eighth Circuit held that a comatose plaintiff's claim for malpractice did not accrue until the date a guardian was appointed, and also addressed the instance where a plaintiff might die while in a comatose state. The court stated:

> Similarly, when a person dies, the family and friends know that someone will have to take over his affairs. In this case, [the plaintiff's family] could have been expecting him to recuperate and take care of his own affairs. In a death case, therefore, unlike [this plaintiff's situation], it is fair for the claim to accrue at the time of death.

*Id.*

This is logical because that is the point where family members are on notice that they must attend legally to their loved one's affairs. While the injured person is still living, the claim is the victim's personally, and the ability of other people to discover the claim appears irrelevant under a fairness analysis.

dispute of material fact precludes summary judgment resolution, we reverse and remand for further proceedings consistent with this opinion.

*By the Court.*—Judgment reversed and cause remanded with directions.