PATIENCE DRAKE ROGGENSACK, C.J.
f 78. (dissenting). Wrongful death is a statutory claim that arises upon death and does not belong to the deceased, but rather, to the statutory beneficiaries. It is a claim for loss of support and companionship, which the deceased person would have provided if he or she had lived. Because of the nature of the claim, death is *701 always the "injury" in a wrongful death action. Stated otherwise, it is this injury, i.e., death, that causes the damages for loss of support and companionship that the statutory beneficiaries sustain.[1] Day v. Allstate Indent. Co., 2011 WI 24, ¶ 62, 332 Wis. 2d 571, 798 N.W.2d 199. Therefore, in regard to an action for wrongful death, the "injury" that causes damages is "discovered" upon the decedent's death. Terbush v. Boyle, 217 Wis. 636, 640, 259 N.W. 859 (1935) (explaining that an "action for wrongful death accrues at time of death").
¶ 79. I also conclude that death vests a survival action, which compensates the decedent for the pain, suffering and financial loss he or she suffered prior to death, in the decedent's estate. Upon vesting, both the claim and any recovery belong to the estate, which has three years to proceed thereon. Estate of Merrill v. Jerrick, 231 Wis. 2d 546, 557, 605 N.W.2d 645 (Ct. App. 1999) (concluding that "under the discovery rule" limitations period began to run no later than the date of death whereon the survival claim vested in the personal representative of decedent's estate).
¶ 80. This has been the law in Wisconsin for more than 80 years, which Hansen v. A.H. Robins Co., 113 Wis. 2d 550, 335 N.W.2d 578 (1983), did not change. Because the majority opinion fails to acknowledge the import of the differences in the two types of claims now before us and gives no reason why actions arising under Wis. Stat. § 895.03 and Wis. Stat. § 895.01 should not accrue on the date of death as they *702 have in the past, and in so doing substitutes complexity and uncertainty for well-settled law, I respectfully dissent.
I. BACKGROUND
¶ 81. The decedents, upon whom all claims before us are based, were former employees of Uniroyal Inc. They died, on average, seven years before the July 13, 2006 complaint was filed.[2] Plaintiffs claimed decedents' deaths were caused by benzene-containing petroleum products employed in the workplace. They asserted wrongful death and survival claims. The circuit court dismissed all claims based on the three-year bar set out in Wis. Stat. § 893.54(2), as interpreted in Merrill and Miller v. Luther, 170 Wis. 2d 429, 489 N.W.2d 651 (Ct. App. 1992). The court of appeals summarily reversed and defendants petitioned for review, which we granted.
II. DISCUSSION
A. Standard of Review
¶ 82. This case involves interpreting and applying Wis. Stat. § 893.04, in regard to Wis. Stat. § 895.03, the wrongful death statute and Wis. Stat. § 895.01(l)(am)7., the survival action statute. Statutory interpretation and application present questions of law that we independently review, while benefitting from the decisions of the circuit court and the court of *703 appeals. Marder v. Bd. of Regents of the Univ. of Wis. Sys., 2005 WI 159, ¶ 19, 286 Wis. 2d 252, 706 N.W.2d 110.
B. Statutory Interpretation
¶ 83. We interpret a statute to determine its meaning. State ex rel. Kalal v. Circuit Court for Dane Cnty., 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. In so doing, we "assume that the legislature's intent is expressed in the statutory language" it chose. Id., ¶ 44. Where statutes have been interpreted by Wisconsin appellate courts in the past, those interpretations affect subsequent interpretations. Adams v. Northland Equip. Co., 2014 WI 79, ¶ 30, 356 Wis. 2d 529, 850 N.W.2d 272 (concluding that prior interpretations of a statute under consideration assist our current interpretation of the same statutes). This principle is especially relevant when the claim is based on a statute that is to be interpreted and applied in the case before us and the legislature has not amended the statute in a way that would discount our interpretation. See Wenke v. Gehl Co., 2004 WI 103, ¶ 35, 274 Wis. 2d 220, 682 N.W.2d 405 (concluding that legislative acquiescence subsequent to judicial interpretation of a statute is "a presumption to aid in statutory construction").
C. Death-Related Actions
¶ 84. Actions "to recover damages for death caused by the wrongful act, neglect or default of another" are barred if not commenced within three years. Wis. Stat. § 893.54(2). Wisconsin Stat. § 893.04 underlies the dispute before us because it determines when that three-year period set out in § 893.54(2) *704 begins to run for wrongful death claims, Wis. Stat. § 895.04, and survival actions, Wis. Stat. § 895.01. Section 893.04 provides:
Computation of period within which action may be commenced. Unless otherwise specifically prescribed by law, a period of limitation within which an action may be commenced is computed from the time that the cause of action accrues until the action is commenced.
It is the phrase, "cause of action accrues," from § 893.04 that is our central concern because it determines when the three year statute of limitations will bar commencement of wrongful death and survival claims.
1. Wrongful death claims
¶ 85. Wrongful death is not a claim that existed at common law; it was created by statute. Force v. Am. Family Mut. Ins. Co., 2014 WI 82, ¶ 32, 356 Wis. 2d 582, 850 N.W.2d 866 (citing Cogger v. Trudell, 35 Wis. 2d 350, 353, 151 N.W.2d 146 (1967)). Therefore, our interpretation of Wis. Stat. § 893.04, setting the period for commencement of an action, and Wis. Stat. § 895.03, the wrongful death statute, are interpretations of legislative creations.
¶ 86. However, numerous Wisconsin appellate courts have addressed wrongful death claims and the period of time during which they may be commenced. For example, more than 80 years ago, we discussed a wrongful death claim in Terbush. There, we decided whether Terbush's[3] wrongful death claim against *705 Boyle was barred by the then operative two-year statute of limitations. Terbush, 217 Wis. at 637. To answer that question, we examined Wis. Stat. § 330.15 (1931),[4] which described the period during which a wrongful death claim could be commenced as beginning when "the cause of action has accrued." Id.
¶ 87. We posited the question to be answered as, "When did the cause of action accrue (1) on the date of injury, (2) on the date of [] death, or (3) when the administrator was appointed?" Id. We explained that " 'at the death of decedent, there are real parties in interest who may procure the action to be brought,'" id. at 640 (citation omitted), and that the statutory term, "accrued," "evidences an intention to set a definite limit to the period within which actions may be commenced." Id. We then concluded that an "action for wrongful death accrues at time of death and is barred if not commenced within two years from that time." Id.
¶ 88. Many years later in Lord v. Hubbell, Inc., 210 Wis. 2d 150, 563 N.W.2d 913 (Ct. App. 1997), Judge Margaret Vergeront, writing for the court of appeals, thoughtfully discussed actions for wrongful death. Lord explained that a "wrongful death claim belongs to the persons named in the statute [Wis. Stat. § 895.04] who have suffered pecuniary loss and loss of society and companionship because of [a] person's death." Id. at 165.
¶ 89. It is important to understand that "wrongful death beneficiaries seek recovery not for the injury suffered by the deceased, but rather, for the loss sustained to the beneficiaries because of the death." Day, 332 Wis. 2d 571, ¶ 62 (internal quotation marks *706 and citation omitted). Stated otherwise, it is the statutory beneficiaries who claim to be injured in a wrongful death claim, not the person who has died. Id. Therefore, it is death of the decedent that is the injury that causes beneficiaries to suffer damages for which recovery may be available in a wrongful death action. See Weiss v. Regent Props., Ltd., 118 Wis. 2d 225, 230, 346 N.W.2d 766 (1984).
¶ 90. A wrongful death claim is derivative in the sense that if the decedent did not have an actionable claim that his death was "wrongful," i.e., tortious, a statutory beneficiary cannot bring a subsequent wrongful death action. Miller, 170 Wis. 2d at 437. For example, if the statute of limitations on a decedent's personal injury claim had expired before decedent's death, a claim for wrongful death will not lie. Lord, 210 Wis. 2d at 166. It is this derivative nature of a wrongful death claim that has led courts to conclude that an action for wrongful death accrues no later than the death of the decedent. Furthermore, whether the decedent knew who was a cause of his death does not affect the accrual of a beneficiary's wrongful death claim because that claim arises, i.e., comes into being, at the decedent's death. It is a new claim that was not in existence before decedent's death. Miller, 170 Wis. 2d at 435-36; see Lord, 210 Wis. 2d at 166.
¶ 91. Wisconsin Stat. § 893.04 and cases interpreting when an action "accrues," in the context of wrongful death claims, require dismissal of plaintiffs' wrongful death claims herein. Let me explain. First, the injured party is the statutory beneficiary in a wrongful death claim, not the deceased person. Day, 332 Wis. 2d 571, ¶ 62. Wrongful death is a new cause of action that arises upon death. Id. As Lord determined, those persons named in the wrongful death *707 statute "suffered pecuniary loss and loss of society and companionship because of [a] person's death." Lord, 210 Wis. 2d at 165. This is so because death of a person deprived the beneficiaries of the financial support and companionship of that person. Second, it is a person's death that is the injury sustained by a wrongful death beneficiary. Day, 332 Wis. 2d 571, ¶ 62 (explaining that it is the decedent's death that is the injury to the beneficiary).
¶ 92. Third, each plaintiffs claim is caused by a decedent's death. Weiss, 118 Wis. 2d at 230. Stated otherwise, without death of a person, there is no possibility of a wrongful death claim. Therefore, at the death of a person, the injury and its cause of damages to statutory beneficiaries are known to wrongful death plaintiffs.[5] When an injury and its cause are known, a tort claim has been discovered. That is, the claim has accrued. Miller, 170 Wis. 2d at 436.
¶ 93. My conclusion is consistent with Hansen, in which we first declared the discovery rule that affected when common law tort claims accrue. We reasoned that "there are three points in time when a tort claim may be said to accrue: (1) when negligence occurs, (2) when a resulting injury is sustained, and (3) when the injury is discovered." Id. at 554. In explaining the discovery rule, we said, "[u]nder this rule, a claim does not accrue until the injury is discovered or in the exercise of reasonable diligence should be discovered." Id. at 556. We concluded that under the discovery rule, "tort claims shall accrue on the date the injury is *708 discovered or with reasonable diligence should be discovered, whichever occurs first." Id. at 560.
¶ 94. Until today, Wisconsin appellate courts have concluded that a claim for wrongful death accrues no later than decedent's death. Holifield v. Setco Indus., Inc., 42 Wis. 2d 750, 757, 168 N.W.2d 177 (1969) (concluding that an action for wrongful death pursuant to Wis. Stat. § 895.03 must be brought within three years of death). Our conclusion in Holifield, which preceded Hansen, remains the operative law as Miller, which was decided subsequent to Hansen, demonstrates. Miller, 170 Wis. 2d at 436 (explaining that a wrongful death action brought under § 895.03 "accrues at the time of the decedent's death").
¶ 95. In the claims now before us, the injury, which is the decedent's death, was discovered more than three years before this lawsuit was filed. Therefore, consistent with Hansen, all of the wrongful death claims accrued more than three years before this lawsuit was filed and they must be dismissed. Id. Hansen did not overrule Terbush, Holifield and other cases that have followed their conclusions; but rather, Hansen's reasoning is consistent with our prior decisions in regard to when a claim for wrongful death accrues.
¶ 96. Appellate courts have established a clear, easy to follow rule that the date on which a wrongful death action accrues is the date of death. That rule is not dependent on which Wis. Stat. § 895.04 plaintiff filed the wrongful death action or whether his or her investigation of the personal injury of the decedent was reasonable. The majority opinion errs because it misperceives the nature of wrongful death claims and, *709 relying on public policy,[6] it conflates discovery of a decedent's claim for personal injury with the statutory claim of wrongful death that arises upon death. In so doing, the majority opinion substitutes complexity and uncertainty for what has been well-settled law.
2. Survival claims
¶ 97. As with claims for wrongful death, survival claims have received frequent court attention. Survival claims are so named because they belonged to the deceased person and they survive his or her death.[7] Wangen v. Ford Motor Co., 97 Wis. 2d 260, 310-11, 294 N.W.2d 437 (1980). Survival claims seek compensation for personal injury damages due to the pain and suffering and financial loss the deceased endured before death. Merrill, 231 Wis. 2d at 549. Once decedent's estate is vested with decedent's survival claim, both the cause of action and the recovery belong to the estate. Day, 332 Wis. 2d 571, ¶ 61. Accordingly, an estate cannot remain inactive and thereby preserve its claim. The estate has an obligation to investigate circumstances leading to the decedent's death. See Korkow v. Gen. Cas. Co. of Wis., 117 Wis. 2d 187, 198, 344 N.W.2d 108 (1984) (explaining that the "purpose of statutes of limitations is to ensure prompt litigation of claims and to protect defendants from fraudulent or stale claims brought after memories have faded or evidence has been lost").
¶ 98. Merrill addressed the question of when a survival claim accrues in light of the discovery rule announced in Hansen. Merrill, 231 Wis. 2d at 551-52. *710 Jerrick argued that the claim accrued at the time of the auto accident when the tortfeasor was known. Id. at 553. Merrill countered that if the injured person were in a coma, he might not know who injured him. Id. at 556.
¶ 99. The court did not address the circumstance of an injured person in a coma. Instead, the court reasoned that the personal representative who was proceeding on Merrill's survival claim "stands in the shoes of the decedent, and the estate is entitled only to what the decedent would have had if the decedent were living." Id. at 554 (internal quotation marks omitted). Therefore, once the survival action vests in the personal representative, a survival action accrues and a lawsuit to bring forward that claim must be commenced within three years. Id. at 557; Lord, 210 Wis. 2d at 169.
¶ 100. Here, all the survival claims vested in the decedents' estates more than three years before the lawsuit was filed. Because the estate took no action within three years, Wis. Stat. § 893.54(2) bars these survival actions. Lord, 210 Wis. 2d at 169. This well-settled rule of law has provided certainty and has encouraged prompt settling of claims and has facilitated closing of estates. The majority errs when it substitutes complexity and uncertainty for well-settled law.
III. CONCLUSION
¶ 101. Wrongful death is a statutory claim that arises upon death and does not belong to the deceased, but rather to the statutory beneficiaries. It is a claim for loss of support and companionship, which the deceased person would have provided if he or she had *711 lived. Because of the nature of the claim, death is always the "injury" in a wrongful death action. Stated otherwise, it is this injury, i.e., death, that causes the damages for loss of support and companionship that the statutory beneficiaries sustain.[8] Day, 332 Wis. 2d 571, ¶ 62. Therefore, in regard to an action for wrongful death, the "injury" that causes damages is "discovered" upon the decedent's death. Terbush, 217 Wis. at 640 (explaining that an "action for wrongful death accrues at time of death").
¶ 102. I also conclude that death vests a survival action, which compensates the decedent for pain, suffering and financial loss he or she sustained prior to death, in the decedent's estate. Upon vesting, both the claim and any recovery belong to the estate, which has three years to proceed thereon. Merrill, 231 Wis. 2d at 557 (concluding that "under the discovery rule" limitations period began to run no later than the date of death whereon the survival claim vested in the personal representative of decedent's estate).
¶ 103. This has been the law in Wisconsin for more than 80 years, which Hansen did not change. Because the majority opinion fails to acknowledge the import of the differences in the two types of claims now before us and gives no reason why actions arising under Wis. Stat. § 895.03 and Wis. Stat. § 895.01 should not accrue on the date of death as they have in the past, and in so doing substitutes complexity and uncertainty for well-settled law, I respectfully dissent.
¶ 104. I am authorized to state that Justice ANNETTE KINGSLAND ZIEGLER joins this dissent.

 Wisconsin Stat. § 895.04 (2005-06) lists potential claimants in a wrongful death action. The 2013-14 version of the statutes lists the same potential claimants. All subsequent references to the Wisconsin Statutes are to the 2005-06 version unless otherwise noted.

 Mary Henneman died June 19, 1995; Mae Heath died June 1, 1996; William Beaulieu died July 17, 1997; Gary Radosevich died February 26,1999; Sharon Clark died May 17, 2001; Gail Christ died December 15, 2002; and Victor Grosvold died December 30, 2003.

 Terbush was the administrator of the estate of William Haude. Terbush v. Boyle, 217 Wis. 636, 636, 259 N.W. 859 (1935).

 Wisconsin Stat. § 330.15 (1931) is a predecessor statute to Wis. Stat. § 893.04.

 If a potential beneficiary of a wrongful death claim is a minor child, the period of limitations in which to bring the action may be tolled by Wis. Stat. § 893.18(2)(a). Section 893.18(2)(a) does not apply to plaintiffs in this action.

 Majority op., ¶ 32.

 In contrast, wrongful death claims belong to the beneficiaries identified in Wis. Stat. § 895.04.

 Wisconsin Stat. § 895.04 lists who may be a claimant in a wrongful death action.